1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FRANK OLIVER and ANDREA OLIVER, | ) | Case No.: 11-CV-04300-LHK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING FDIC'S MOTION |
| v. | ) | TO DISMISS; GRANTING U.S. BANK'S |
| | ) | MOTION TO DISMISS |
| U.S. BANK, N.A.; DOWNEY SAVINGS AND | ) | |
| LOAN ASSOCIATION, F.A.; and DSL | ) | |
| SERVICE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 3, 2011, Defendants U.S. Bank National Association ("U.S. Bank") as Successor in Interest to the Federal Deposit Insurance Corporation ("FDIC") as Receiver of Downey Savings and Loan Association, F.A. ("Downey"), and DSL Service Company ("DSL") (collectively, "Defendants"), filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) .  ECF No. 6 ("U.S. Bank's Mot.").  Pursuant to the Civil Local Rule 7-3, Plaintiffs' opposition was required to be filed by October 17, 2011.  However, Plaintiff did not file an opposition until October 27, 2011.  ECF No. 11.  On November 3, 2011, Defendants filed a reply.  ECF No. 14.  On November 22, 2011, the case was reassigned from Magistrate Judge Grewal to the undersigned judge.  ECF No. 18.

On December 22, 2011, the FDIC, as Receiver for Downey, filed a separate motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for summary judgment pursuant to Federal Rule of

1   Civil Procedure 56.  ECF No. 20.  Plaintiffs did not oppose the FDIC's motion.  *See* ECF No. 25.

2   However, the FDIC is not a party to this action, and the FDIC has not moved to substitute itself as

3   a party in interest for Downey pursuant to Federal Rule of Civil Procedure 25(c).  Fed. R. Civ. P.

4   25(c) ("If an interest is transferred, the action may be continued by or against the original party

5   unless the court, *on motion*, orders the transferee to be substituted in the action or joined with the

6   original party.  The motion must be served as provided in Rule 25(a)(3).") (emphasis added).

7   Thus, as a non-party, the FDIC does not have standing to bring this motion.  Accordingly, the

8   FDIC's motion is DENIED without prejudice.

9        Pursuant to Civil Local Rule 7-1(b), the Court finds U.S. Bank's motion appropriate for

10  determination without oral argument.  Accordingly, the Defendants' motion to dismiss hearing and

11  case management conference set for June 28, 2012, are hereby VACATED.  Having considered the

12  parties' briefing and the relevant law, the Court GRANTS U.S. Bank's motion to dismiss for the

13  reasons explained below.

14  I.      **Factual History**

15       This action arises out of a residential mortgage transaction.[1]  In 1999, Plaintiffs obtained a

16  loan from Downey (the "Loan"), and purchased their home located at 1101 McBain Avenue,

---

[1] In connection with U.S. Bank's motion, Defendants request that the Court take judicial notice of
the following documents: (1) Deed of Trust, signed by Plaintiffs and dated December 23, 2005,
recorded in the official records of Santa Clara County as Document No. 8769290 on January 13,
2006 (Declaration of Eunice Majam-Simpson ("M-S Decl.") Ex. 1); (2) Notice of Default and
Election to Sell Under Deed of Trust, recorded in the official records of Santa Clara County as
Document No. 20688722 on April 26, 2010 (M-S Decl. Ex. 2); (3) Notice of Trustee's Sale,
recorded in the official records of Santa Clara County as Document No. 20794575 on July 28, 2010
(M-S Decl. Ex. 3). See ECF No. 6-1.  Although a district court generally may not consider any
material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the 12(b)(6)
motion to a summary judgment motion, there are two exceptions.  First, the Court may take judicial
notice of documents referenced in the Complaint, "if the documents' authenticity is not contested
and the plaintiff's complaint necessarily relies on them." *Lee v. City of L.A.*, 250 F.3d 668, 688-89
(9th Cir. 2001).  Second, the Court may take judicial notice of "matters in the public record" under
Federal Rule of Evidence 201(b). *Id.*  A matter may be judicially noticed if it is either "generally
known within the trial court's territorial jurisdiction" or "can be accurately and readily determined
from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here,
Exhibits 1 through 3 are documents referenced in the complaint, as well as records filed with the
county recorder, of which courts routinely take judicial notice. *See, e.g., Liebelt v. Quality Loan
Serv. Corp.*, No. 09-cv-05867, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) ; *Reynolds v.
Applegate*, No. C 10-04427, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); *Giordano v.*

2

Campbell, California (the "Property").  Compl. ¶ 34.  On or about December 23, 2005, Plaintiffs refinanced their loan with Downey, obtaining a new loan in the amount of $637,500.00 (the "Refinanced Loan").  Compl. ¶ 38; M-S Decl. Ex. 1.  The Refinanced Loan listed DSL as the "Trustee" and Downey as the "Lender."  M-S Decl. Ex. 1, at 1-2.  The Refinanced Loan was secured by a deed of trust ("DoT") recorded in the Santa Clara County Recorder's Office on January 6, 2006.  *Id.* at 1.

On November 21, 2008, the Office of Thrift Supervision ("OTS") closed Downey and appointed the FDIC as receiver for Downey.  Compl. ¶ 43; *see also* Determination of Insufficient Assets To Satisfy Claims Against Financial Institution in Receivership ("FDIC Determination"), 75 Fed. Reg. 45,114, 45,114 (Aug. 2, 2010).  On November 21, 2008, the FDIC facilitated a transaction whereby U.S. Bank acquired Downey's deposits and most of Downey's assets.  Compl. ¶ 67; FDIC Determination, 75 Fed. Reg. at 45,114.  According to the complaint, U.S. Bank acquired "servicing rights . . . regarding the pools of [Downey] assets."  *See* Compl. ¶ 68.  The FDIC determined that the assets of Downey were insufficient "to make any distribution to general unsecured claims," and therefore that "such claims will recover nothing and have no value."  FDIC Determination, 75 Fed. Reg. at 45,114 (citing 12 U.S.C. § 1821(d)(11)(A)); *see also* Compl. ¶ 43.

By 2008, "Plaintiff [sic] was experiencing the economic challenges felt throughout the country.  He was living in a property that was underwater and he could no longer keep his mortgage payment current."  Compl. ¶ 45.  Sometime in early 2010, Plaintiffs defaulted on the Refinanced Loan.  Compl. ¶ 36; M-S Decl. Ex. 2.  In March 2009, Plaintiffs contacted U.S. Bank in an attempt to obtain a modification of their Refinanced Loan.  Compl. ¶¶ 46-49.  On or about April 23, 2010, Plaintiffs received a notice of default, which was recorded in the Santa Clara County Recorder's Office on April 26, 2010.  Compl. ¶ 77; M-S Decl. Ex. 2.  On or about July 27,

---

*Wachovia Mortg., FSB*, No. 10-cv-04661, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec.14, 2011).  Although Plaintiff argues that judicial notice is improper under California law, the Court finds that Exhibits 1 through 3 may properly be judicially noticed under federal law, which governs here, and accordingly GRANTS Defendants' request as to these exhibits.  For the same reasons, the Court also takes judicial notice of the FDIC's Determination of Insufficient Assets to Satisfy Claims Against Financial Institution in Receivership, 75 Fed. Reg. 45,114 (Aug. 2, 2010).

3

1    2010, Plaintiffs received a notice of trustee's sale, which was recorded in the Santa Clara County

2    Recorder's Office on July 28, 2010.  Compl. ¶¶ 47-48; *see also* M-S Decl. Ex. 3.

3              On August 30, 2011, Plaintiffs, proceeding *pro se*, filed the instant complaint.  ECF No. 1.[2]

4    The complaint alleges fifteen claims,[3] seven of which arise under federal law.  *Id.*  The first six

5    claims allege that various California statutes violate the United States Constitution.  Compl. ¶¶ 3,

6    20, 108.  Claim 9 alleges unfair debt collection practices and predatory lending under, *inter alia*,

7    the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; the Real

8    Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and the Truth in Lending

9    Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*[4]  Compl. ¶¶ 169, 187.

10             Plaintiffs also allege the following state law claims: (7) injunctive relief under Cal. Bus. &

11   Prof. Code § 17203; (8) accounting; (9) unfair debt collection practices and predatory lending

12   under California's Rosenthal Fair Debt Collection Act, Cal. Civ. Code §§ 1788, *et seq.* and Cal.

13   Fin. Code §§ 22340, 33560(c); (10) declaration that no valid contract exists; (11) slander of title;

14   (12) fraud or negligent misrepresentation; (13) quiet title; (15) breach of contract;[5] and (16)

15   negligence.

16

17   [2] The Court notes that Plaintiffs' complaint is nearly identical to the complaint in *Dodd v. Fed.
     Home Loan Mortg. Corp.*, CIV S-11-1603 JAM, 2011 WL 6370032 (E.D. Cal. Dec. 19, 2011),
18   which the Magistrate Judge recommended be dismissed in its entirety.  The plaintiffs in *Dodd*
     subsequently filed for bankruptcy, and the matter was eventually dismissed on that ground.
19   [3] Although the complaint alleges sixteen "causes of action," there is no fourteenth cause of action.
     The Court refers to Plaintiffs' causes of action as "claims," and follows the numbering in the
20   complaint.
     [4] Claim 9 also alleges violations of California's Rosenthal Fair Debt Collection Act, Cal. Civ. Code
21   §§ 1788, *et seq.* and Cal. Fin. Code §§ 22340, 33560(c), as discussed below.
     [5] Claim 15 alleges that Plaintiffs are beneficiaries of the Home Affordable Modification Program
22   ("HAMP") Servicer Agreement between the U.S. Treasury Department and Downey, which
     Downey allegedly breached by not following the HAMP Guidelines.  Compl. ¶ 234.  "In October
23   2008, Congress passed the Emergency Economic Stabilization Act ("EESA") to help restore
     stability to the financial system and to preserve homeownership. 12 U.S.C. § 5201 (2008).  The
24   EESA also established the Troubled Asset Relief Program ("TARP"), which was intended to
     reduce foreclosures.  12 U.S.C. §§ 5211, 5225 (2008).  Under TARP, the Treasury Department
25   established HAMP, a voluntary program to encourage lenders to modify mortgages and prevent
     defaults and foreclosures."  *Gutierrez v. PNC Mortg.*, 10-CV-01770-AJB-RBB, 2012 WL
26   1033063, at *12 (S.D. Cal. Mar. 26, 2012).  This Court has previously held that state-law contract
     claims alleging violations of HAMP Guidelines do not create federal question jurisdiction.  *See De
27   Long v. Bank of Am., N.A.*, 11-CV-06388-LHK, 2012 WL 1498868, at *4 (N.D. Cal. Apr. 27,
28

                                                          4

     Case No.: 11-CV-00430-LHK
     ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

## II.     Legal Standards

### A.  Federal Rule of Civil Procedure 8

Rule 8 states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### B.  12(b)(6) Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In addition, pro se pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

As the Ninth Circuit has stated, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute

---

2012).  Accordingly, this Court does not have original federal question jurisdiction over Claim 15 in Plaintiffs' complaint.  *Id.*

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

1    is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*,

2    592 F.3d 954, 969 (9th Cir. 2010) (en banc) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d

3    992, 997 (9th Cir. 2006)), *cert. denied*, 131 S. Ct. 3055 (2011).  A "complaint cannot be dismissed

4    unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

5    timeliness of the claim."  *Id.* (internal citations and quotations omitted).

6              **C.  Leave to Amend**

7              If a court grants a motion to dismiss, leave to amend should be granted unless the pleading

8    could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130

9    (9th Cir. 2000).  A court "may exercise its discretion to deny leave to amend due to 'undue delay,

10   bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by

11   amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of

12   amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)

13   (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.*,

14   545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment

15   sufficient to deny leave to amend).

16          **III.    Analysis**

17             As discussed below, the Court dismisses Plaintiffs' federal claims under the U.S.

18   Constitution, FDCPA, RESPA, and TILA without prejudice.  The Court addresses each of these

19   claims in turn.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law

20   claims.

21              **A.  Constitutionality of California Statutes**

22             As stated above, Plaintiffs' first six claims allege that various California statutes violate the

23   United States Constitution.  Compl. ¶¶ 3, 20, 108.  Specifically, Claims 1, 5, and 6 allege that Cal.

24   Civ. Code §§ 2924-2924(l), which partly comprise the framework of non-judicial foreclosure

25   procedures, are unconstitutional.  Compl. ¶¶ 96, 132, 134, 137-38, 142, 144-46, 148-49.  Claim 2

26   seeks a declaration that "the customs, practices, and policies administered and enforced in the

27   California Courts are unconstitutional and offensive to the principles of due process of law."

28

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1    Compl. ¶ 113.  Finally, Claims 3 and 4 allege that Cal. Civ. Code § 1714.10 violates the U.S.

2    Constitution.  Compl. ¶¶ 119, 123-24, 127.

3         U.S. Bank argues that Plaintiffs' first six claims fail because: (1) the Court lacks

4    jurisdiction to entertain a constitutional challenge that is not brought under 42 U.S.C. § 1983; (2)

5    Plaintiffs failed to comply with Civil Local Rule 3-8(b); (3) Defendants did not act under color of

6    law; (4) Plaintiffs' claims are time barred; (5) Claims 1, 5 and 6 under Cal. Civ. Code §§ 2924-

7    2924(l) fail as a matter of law; (6) Claim 2 for declaratory relief fails as a matter law; and (7)

8    Claims 3 and 4 under Cal. Civ. Code § 1714.1 fail as a matter of law.  U.S. Bank's Mot. 3-11.

9         As stated below, Plaintiffs did raise 42 U.S.C. § 1983 claims.  The Court agrees with

10   Defendants that Plaintiffs' constitutional claims under 42 U.S.C. § 1983 fail for failure to allege

11   that Defendants acted under color of state law.  Accordingly, after satisfying itself of its own

12   jurisdiction, the Court need not reach Defendants' other arguments.

### 1.    Jurisdiction Under 42 U.S.C. § 1983

14        Defendants are correct that "a plaintiff may not sue a state defendant directly under the

15   Constitution where section 1983 provides a remedy, even if that remedy is not available to the

16   plaintiff."  *Martinez v. City of L.A.*, 141 F.3d 1373, 1382-83 (9th Cir. 1998).  However, liberally

17   construed, Plaintiffs' complaint adequately invokes this Court's jurisdiction for their constitutional

18   claims under 28 U.S.C. § 1983.  Paragraph 1 of the Complaint states: "This court has plenary

19   jurisdiction over the present dispute and all parties pursuant to 28 U.S.C. § 1331 in that the claims

20   alleged therein arise under the laws of the United States, including but not limited to 42 U.S.C. §§

21   1981, 1982, *1983*, and 1988(a)."  Compl. ¶ 1 (emphasis added).  Thus, Plaintiffs' complaint,

22   liberally construed, does assert 42 U.S.C. § 1983 as a basis for this Court's jurisdiction.  *See*

23   *Gordon v. City of Oakland*, 09-CV-05794-WHA, 2010 WL 1463578, at *2 (N.D. Cal. Apr. 13,

24   2010) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  Accordingly,

25   the Court has subject matter jurisdiction to entertain Plaintiffs' claims under 42 U.S.C. § 1983.

### 2.    Whether Defendants Acted Under Color of Law

27        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant

28   violated a right secured by the United States Constitution or the laws of the United States; and (2)

**United States District Court**
For the Northern District of California

7

United States District Court
For the Northern District of California

1   the defendant did so acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

2   Defendants argue that Plaintiffs fail to adequately allege that Defendants were acting under color of

3   state law.  "A person acts under color of state law only when exercising power possessed by virtue

4   of state law and made possible only because the wrongdoer is clothed with the authority of state

5   law."  *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981).

6          In their opposition brief, Plaintiffs appear to argue that Defendants are acting under color of

7   *federal* law.  Opp'n 5 (citing 12 U.S.C. § 5211).  Indeed, Plaintiffs' complaint states, "[t]he

8   conduct of banks in pursuit of non-judicial foreclosures must be done under the authority of the

9   federal charter which is the 'law of the United States' and therefore 'under color of federal law.'"

10  Compl. ¶ 114.  However, Plaintiffs fail to allege which Defendants here were acting under federal

11  law for which claim.  Furthermore, Plaintiffs' complaint states: "The 'Emergency Economic

12  Stabilization Act of 2008' Title I established the Troubled Assets Relief Program which provided

13  for the purchases of troubled assets.  Financial institutions were designated as financial agents of

14  the Federal Government and shall perform all such reasonable duties related to this Act as financial

15  agents of the Federal Government as may be required."  Compl. ¶ 27.  Plaintiffs are correct that

16  TARP authorized the Secretary of the Treasury to "designat[e] financial institutions as financial

17  agents of the Federal Government" and mandate such financial institutions to "perform all

18  reasonable duties related to this Act as financial agents of the Federal Government."  12 U.S.C. §

19  5211.  However, Plaintiffs' complaint does not allege that the Secretary of the Treasury designated

20  any of these Defendants financial agents of the Federal Government.[6]  Moreover, Paragraph 27 of

---

[6] In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971), the United States Supreme Court allowed in some circumstances a private right of action implied from the Constitution itself for alleged constitutional violations by federal officials.  However, even if the Court were to construe this claim as a *Bivens* claim, rather than a section 1983 claim, such a *Bivens* claim would also fail.  As the Ninth Circuit has explained, *Bivens* created an implied right of action against federal *officials* for tortious deprivations of constitutional rights.  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1255 (9th Cir. 1997).  This implied right of action does not extend to suits directly against a federal agency.  *Id.* (holding that plaintiff could not assert Fifth Amendment due process claim against an agency because "an individual may not bring a *Bivens* claim for damages directly against a federal agency") (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).  Accordingly, Plaintiffs cannot assert *Bivens* claims against these Defendants, even if they were acting as federal agencies.

8

the complaint fails to allege that any of the Defendants here were acting under color of *state* law, as required to state a claim under 42 U.S.C. § 1983.

Moreover, the Court has reviewed Plaintiffs' complaint and does not find sufficient allegations to support Plaintiffs' argument that Defendants were acting under color of state law. Claim 1 of Plaintiffs' complaint states that Defendants "[c]onduct[ed] non-judicial foreclosure sales . . . under color of laws which effectively preclude contests to title and standing." Compl. ¶ 100. Plaintiffs further allege that "the civil rights of mortgagors . . . are being severely infringed under color of California law and in particular the judicial norms which apply to the conduct and resolution of standing to foreclose on real-estate notes. . . ." Compl. ¶ 105. Similarly, Claim 2 asserts that the "consistent pro-mortgagee results" in California courts are "all under color of law [and] in violation of the First, Fifth, Ninth and Fourteenth Amendments to the Constitution." Compl. ¶ 111. However, the Ninth Circuit has held that a private entity's use of a state's non-judicial foreclosure procedures does not constitute state action for purposes of Section 1983. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1095 (9th Cir. 2003), *cert. denied*, 540 U.S. 948 (2003); *see also Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("Furthermore, the fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action."); *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."). Accordingly, Claims 1 through 6 under § 1983 are dismissed without prejudice for failure to adequately allege that Defendants acted under color of law. However, because it is not clear that amendment would be futile, Claims 1 through 6 are dismissed with leave to amend.[7]

---

[7] The Court advises Plaintiffs to sign up for an appointment with the Federal Legal Assistance Self–Help Center ("FLASH") at the San Jose Courthouse, before filing an amended complaint. The telephone number for FLASH is (408) 297-1480. Plaintiffs should address not only the deficiencies identified in this Order, but also all other deficiencies raised in Defendants' motions to dismiss. Moreover, if Plaintiffs wish to amend their claims asserting that California laws are unconstitutional, they must comply with Civil Local Rule 3-8(b), which states: "In any action in which the constitutionality of a state statute is questioned and neither the state nor an agency, officer or employee of the state is a party, counsel raising the question must file notice of such claim with the assigned Judge (or, if no assignment has been made, the Chief Judge) and serve a copy of such notice on the State Attorney General. The notice must identify the statute and describe the basis for the claim that it is unconstitutional. The party must file the notice with a

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

**B.  Unfair Debt Collection Practices and Predatory Lending**

Plaintiffs' ninth claim alleges that Defendants have violated provisions of FDCPA, and that Defendants have engaged in predatory lending in violation of RESPA and TILA. Compl. ¶¶ 169, 187, 189, 190.  Defendants move to dismiss these claims, arguing that: (1) the claims are time barred; (2) Defendants are not debt collectors; and (3) Plaintiffs fail to allege any facts in support of a TILA claim.  Mot. 14-15.  The Court agrees for the reasons explained below.

### 1.      Federal Fair Debt Collection Practices Act

The purpose of the FDCPA is to "prohibit debt collectors from engaging in unfair and deceptive practices in the collection of consumer debts, and to require debtors to act fairly into entering into and honoring such debts." *See* 15 U.S.C. § 1692.  Further, the FDCPA applies only to a "debt collector," defined as "a person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  The definition explicitly excludes creditors, as well as loan originators or assignees who obtained the right to collect on a loan when it was not in default.  15 U.S.C. § 1692a(4), § 1692a(6)(A) or (B), § 1692a(ii) and (iii).  However, courts within this Circuit have concluded that a non-judicial foreclosure does not constitute "debt collection" as defined by the statute.  *See, e.g.*, *Tang v. Cal. Reconveyance Co.*, No. 10–cv–03333–LHK, 2010 WL 5387837, at *4 (N.D. Cal. Dec. 22, 2010) ("[T]o the extent their FDCPA claims are based on the initiation of a foreclosure proceeding, Plaintiffs fail to state a claim."); *Deissner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA.") (internal quotations omitted), *aff'd*, 384 F. App'x 609 (9th Cir. June 17, 2010); *Landayan v. Wash. Mut. Bank*, No. C 09–0916 RMW, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a

---

certificate of service pursuant to Civil L.R. 5-6."  Failure to comply with Civil Local Rule 3-8(b), prior to filing the amended complaint, will subject these claims to dismissal.

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for

2  purposes of the FDCPA.").

3     Because non-judicial foreclosure does not constitute "debt collection" as defined by the

4  FDCPA, further amendment of Plaintiffs' FDCPA claim would be futile.  Accordingly, Plaintiffs'

5  FDCPA claim is dismissed with prejudice.[8]

6          **2.**   **RESPA**

7     Plaintiffs allege that defendants are subject to RESPA and "placed loans for the purpose of

8  unlawfully increasing and otherwise obtaining yield spread fees, excess charges, and amounts in

9  excess of what would have been lawfully earned."  Compl. ¶ 189.  Plaintiffs allege the lenders

10  acted either individually or jointly as servicers of their loan and violated the requirements of 12

11  U.S.C. § 2605(b) "in that the servicing contract and duties were transferred and hypothecated

12  without required notice."  *Id*. ¶ 190.  Plaintiffs contend these violations require rescission and or

13  cancellation of their loan and return of all funds received by U.S. Bank or its predecessor, Wells

14  Fargo, N.A.  *Id*. ¶ 191.

15     RESPA creates a private right of action for only three types of wrongful acts: (1) payment

16  of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2)

17  requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the

18  failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a

19  qualified written request for information about a loan, 12 U.S.C. § 2605(f).  *Patague v. Wells*

20  *Fargo Bank, N.A.*, No. 10–CV–03460–SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010).

21  Claims brought under § 2607 or 2608 are subject to a one-year statute of limitation, while claims

22  under § 2605 are governed by a three-year statute of limitations, which commence to run when the

23  violation occurs.  12 U.S.C. § 2614.

24     Plaintiffs' RESPA claim fails on several grounds.  First, to the extent Plaintiffs' RESPA

25  claim is based on payment of unearned fees under section 2607, this claim is time-barred by the 1-

26

27                 
[8] Although the statute of limitations for a FDCPA claim is one year from the date on which the
violation occurs, 15 U.S.C. § 1692k(d), the Court need not reach whether Plaintiffs' claim under

28  FDCPA is time barred because the claim fails for failure to allege that Defendants are "debt
collectors" covered by the Act.

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

1    year statute of limitations.  Any unearned fees occurred at the time the Refinanced Loan closed in

2    December 2005.  Thus, the statute of limitations ran on Plaintiffs' claim under section 2607 in

3    December 2006.  Given that Plaintiffs did not file their complaint until August 30, 2011, more than

4    four years late, Plaintiffs' claim under section 2607 is time-barred.

5            Moreover, although Plaintiffs allege that "Defendants . . . placed loans for the purpose of

6    unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would

7    have been lawfully earned," Compl. ¶189, "[n]o per se rule exists in applying RESPA . . . to [yield

8    spread fees]."  *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1208 (9th Cir. 2003).

9    Instead, a court must conduct a loan-specific analysis of whether the total mortgage broker

10   compensation was reasonable.  *See id.*  The single allegation quoted above is insufficient to state a

11   RESPA claim that the yield spread fees charged to Plaintiffs were unreasonable since Plaintiffs fail

12   to allege what services were performed by Defendants, when they were performed, and what fees,

13   if any, were charged by Defendants for those services.  *See Bjustrom*, 322 F.3d at 1208.

14           Plaintiffs also fail to state a claim under § 2605.  Section 2605(b) provides that "[e]ach

15   servicer of any federally related mortgage shall notify the borrower in writing of any assignment,

16   sale or transfer of the servicing of the loan to any other person."  12 U.S.C. § 2605(b).  Plaintiffs'

17   complaint fails to allege any facts regarding the alleged transfer of the servicing contract, including

18   when the transfer occurred and to whom the contract was transferred.  Nor does it allege that

19   plaintiff suffered "any actual damages . . . as a result of the failure" to provide notice, or any

20   "pattern or practice of noncompliance."  12 U.S.C. § 2605(f)(1).

21           Accordingly, Plaintiffs' RESPA claim against Defendants is dismissed.  However, because

22   it is not clear that amendment would be futile, the dismissal of Plaintiffs' RESPA claim is with

23   leave to amend.

24                            **3.        TILA**

25           Under TILA, Plaintiffs seek rescission and cancellation of the loan and the return of all

26   funds received by Defendants.  *Id.* ¶ 191.

27           TILA requires, among other things, disclosure of finance charges and the annual percentage

28   rate.  *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18 ("Regulation Z").  Lenders must provide

**United States District Court**
For the Northern District of California

12

United States District Court
For the Northern District of California

1   borrowers with clear and accurate disclosures, including two copies of a notice of a right to

2   rescission.  15 U.S.C. § 1635.  Violation of TILA provides borrowers with two potential forms of

3   relief: rescission and monetary damages.  *See* 15 U.S.C. §§ 1635, 1640.  If a lender fails to disclose

4   material information required by TILA, a borrower has a right to rescind within three years of

5   consummation of the loan.  *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  The three-

6   year period for a TILA rescission claim is not subject to equitable tolling.  *See Beach v. Ocwen*

7   *Fed. Bank*, 523 U.S. 410, 412 (1998).  In addition, a borrower has a right to monetary damages

8   within one year of consummation of the loan.  *Id.* at 915.  However, "the doctrine of equitable

9   tolling may, in the appropriate circumstances, suspend the limitations period until the borrower

10  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis

11  of the TILA [damages] action."  *See id.* at 915.

12          Plaintiffs' TILA allegations are insufficient under Rule 8.  Plaintiffs allege that Defendants

13  violated TILA by failing "to validate and otherwise make a full accounting and required

14  disclosures as to the true finance charges and fees;" by improperly retaining funds belonging to

15  plaintiff; and by failing to disclose the ownership status of his loan.  Compl. ¶ 187.  Plaintiffs'

16  TILA claim must be dismissed because it does not allege which provision of TILA was violated by

17  which Defendant, nor do Plaintiffs allege how each Defendant violated TILA.  *See Tang v. Cal.*

18  *Reconveyance Co.*, 10-CV-03333-LHK, 2010 WL 5387837, at *5 (N.D. Cal. Dec. 22, 2010).  The

19  Complaint must "meet some minimum threshold in providing a defendant with notice of what it is

20  that it allegedly did wrong."  *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

21  Plaintiffs have not met that minimum threshold here.

22          Moreover, even if these factual allegations were sufficient to state a plausible claim under

23  TILA, any such claim would be time-barred by the applicable statute of limitations.  Plaintiffs'

24  right to rescission is time barred.  *See* 15 U.S.C. § 1635(f).  Because the loan documents indicate

25  that the loan was signed in December 2005, and Plaintiffs did not file this case until August 2011,

26  over five years later, it is apparent from the face of the Plaintiffs' complaint that their TILA

27  rescission claim is time-barred.  Accordingly, Plaintiffs' TILA claim for rescission is DISMISSED

28  WITH PREJUDICE.

1    Damages claims under TILA have a one-year statute of limitations that runs from the date

2  the loan documents are signed.  15 U.S.C. § 1640(e).  Therefore, absent tolling, Plaintiffs' TILA

3  damages claims expired in December 2006.  Equitable tolling of TILA damages claims can extend

4  the one-year limitations period, but such tolling is only available if "despite all due diligence, a

5  plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria*

6  *v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on different grounds by Socop–*

7  *Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000).  The complaint alleges in conclusory fashion

8  that: "[a]ny applicable statutes of limitations have been tolled by the Defendants' continuing,

9  knowing, and active concealment of the facts alleged herein.  Despite exercising reasonable

10  diligence, Plaintiff could not have discovered, did not discover, and was prevented from

11  discovering, the wrongdoing complained of herein."  Compl. ¶ 15.  However, Plaintiffs have not

12  alleged facts sufficient to establish that they acted with diligence to discover the basis of their

13  TILA claims, which should have been apparent at the time the loan documents were signed.

14  Plaintiffs' TILA damages claim is therefore dismissed.  However, because it is not clear that

15  amendment would be futile, the dismissal of Plaintiffs' TILA rescission claim is with leave to amend.

16    **C. Supplemental Jurisdiction**

17    As discussed above, the Court dismisses the FDCPA and TILA rescission claims with

18  prejudice and other federal claims against Defendants without prejudice.  As here, where the Court

19  "has dismissed all claims over which it has original jurisdiction," the Court "may decline to

20  exercise supplemental jurisdiction" over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(c).  The

21  Ninth Circuit has held that this provision gives federal courts discretion either to retain or to

22  dismiss a case after all federal claims have been dismissed.  *Albingia Versicherungs AG v.*

23  *Schenker Int'l*, 344 F.3d 931, 937-38 (9th Cir. 2003).  When determining whether to retain

24  supplemental jurisdiction, the Court is guided by the values "of economy, convenience, fairness,

25  and comity."  *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (quoting *Allen v.*

26  *City of L.A.*, 92 F.3d 842, 846 (9th Cir. 1996)) (internal quotation marks omitted).  Nonetheless, "in

27  the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . .

28  will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Exec.*

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1  *Software N. Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n. 4 (9th Cir. 1994) (emphasis omitted)

2  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988)) (internal quotation marks

3  omitted).

4         Exercising supplemental jurisdiction would neither promote judicial economy nor

5  convenience to the parties because the case has not progressed beyond the pleadings.  Aside from

6  ruling on this motion to dismiss, the Court has not considered any dispositive motions in this case.

7  Moreover, the parties have not engaged in any discovery to date, despite the fact that this case was

8  filed on August 30, 2011.  *See* ECF No. 163, at 2.  Moreover, "[n]eedless decisions of state law

9  should be avoided both as a matter of comity and to promote justice between the parties, by

10  procuring for them a surer-footed reading of applicable law."  *United Mine Workers of Am. v.*

11  *Gibbs*, 383 U.S. 715, 726 (1966).  Thus, having considered the relevant factors pursuant to 28

12  U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over Plaintiffs'

13  state law claims at this time.  Accordingly, Plaintiffs' state law claims are dismissed without

14  prejudice.

15      **IV.**    **Conclusion**

16        For the foregoing reasons, the Court DENIES FDIC's motion to dismiss and GRANTS

17  U.S. Bank's motion to dismiss as follows:

18  1.  Plaintiffs' federal constitutional claims (Claims 1-6) are DISMISSED WITHOUT

19      PREJUDICE.  If Plaintiffs seek to amend and reassert these claims they must comply with

20      Civil Local Rule 3-8(b) prior to filing an amended complaint.

21  2.  Plaintiffs' FDCPA claim is DISMISSED WITH PREJUDICE.

22  3.  Plaintiffs' RESPA claim is DISMISSED WITHOUT PREJUDICE.

23  4.  Plaintiffs' TILA rescission claim is DISMISSED WITH PREJUDICE.

24  5.  Plaintiffs' TILA damages claim is DISMISSED WITHOUT PREJUDICE.

25  6.  Plaintiffs' state law claims are DISMISSED WITHOUT PREJUDICE.

26  7.  Plaintiffs may file an amended complaint within 21 days of the date of this Order.  Failure to

27      meet this deadline will result in a dismissal with prejudice.  Plaintiffs may not add any new

28      claims or parties without first obtaining leave from the Court or a stipulation from Defendants.

15

**IT IS SO ORDERED.**

Dated: June 22, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 11-CV-00430-LHK
ORDER DENYING FDIC'S MOTION TO DISMISS; GRANTING U.S. BANK'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28